THE BOROUGH OF VERONA, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. THE CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND BOARD OF TRUSTEES OF ESSEX COUNCIL No. 1, CIVIL SERVICE ASSOCIATION, RESPONDENTS.

Argued May 6, 1947—Decided June 10, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Alexander Waugh.*

For the respondents, *Walter D. Van Riper, John W. Griggs* and *Charles E. McCraith, Jr.*

The opinion of the court was delivered by

BODINE, J.  It appears as follows from the findings of the Civil Service Commissioner that: "On March 5th, 1946, the Mayor and Council of the Borough of Verona adopted a resolution providing for a bonus of fifteen per cent. of the annual salary or pay as provided in the annual salary ordinance to all persons holding at the time any office, position or employment under the jurisdiction of the Mayor and Council of the Borough of Verona, provided that the annual salary or pay of such person is $2,499 per year or less and that such person is a full-time employee of the Borough. This action was taken under the provision of *Pamph. L.* 1941, *ch.* 404, as amended by *Pamph. L.* 1943, *ch.* 31.

"On April 29th, 1946, *Pamph. L.* 1946, *ch.* 193, a supplement to *Pamph. L.* 1941, *ch.* 404, became effective. This statute provides that when and as bonuses are granted under the 1941, as amended by the 1943, statute, that where such 'bonus payments have been heretofore or shall hereafter be granted and paid in any department under the jurisdiction of the * * * governing body * * * by whatsoever name, of any * * * municipality * * * such bonus shall apply and be paid generally to all persons holding office, position or employment in such department without discrimination among such persons.'"

It was the conclusion of the Civil Service Commission: "that the granting of a bonus to certain employees of the Borough of Verona and the withholding of the same or a comparable bonus to certain other employees as prescribed by the resolution * * * adopted by the Mayor and Council of the said Borough of March 5th, 1946, do not comply with the requirements. and limitations expressly provided in *Pamph. L.* 1946, *ch.* 193, and that the plan so provided and set forth in the said resolution operates to discriminate between and among employees in at least some departments of the Borough of Verona."

The resolution in question granted a bonus to those persons receiving an annual compensation of $2,499 or less and failed to grant a bonus to those receiving more.

It is clear at the outset that the borough did not comply with the mandate of the statute. The borough had adopted the provisions of the Civil Service Act. The provision for bonus payments are to be found in *R. S.* 40:21–13. The first provision is in *Pamph. L.* 1941, *p.* 1033, as amended by *Pamph. L.* 1943, *p.* 65; *Pamph. L.* 1944, *p.* 17; *Pamph. L.* 1945, *p.* 767, and the chapter in question, *Pamph. L.* 1946, *p.* 786.

The first question necessary for our determination is whether the prosecutor's resolution was discriminatory. It seems to us that it clearly was. It made a distinction between employees in the Civil Service receiving one amount of salary and the employees in the same service receiving another amount of compensation. Clearly, such action is dis-

criminatory. It is clear from the reading of the 1946 act that it was not intended to relate to the payment but to the time a bonus ordinance was enacted.

Under the act in question, the Civil Service Commission may, on its own initiative, instigate investigations and make the order in question. The act itself, if discrimination exists, permits the Commission to order its elimination from the date of its occurrence.

The order in question is not an illegal interference with the power of the governing body of the Borough of Verona. The Civil Service Law confers broad powers and the right to do that which was done in this case. See *Attorney-General* v. *McGuiness,* 78 *N. J. L.* 346.

We have carefully examined the title to the act in question and think it clear that it does not contravene any of the provisions of the constitution of this state. It expresses its object in a general way and is intelligible to an ordinary reader. *Ott* v. *Braddock,* 119 *N. J. L.* 507. The act is a general one. It applies broadly to all municipalities throughout the state and is clearly neither local nor special. No other municipality throughout the state has questioned the act or the action of the Civil Service Commission thereunder.

The violation of the statute by the Borough of Verona was brought to the attention of the Civil Service Commission by Essex Council No. 1, Civil Service Association. Since the Commission had full authority to initiate the proceedings on its account, it is immaterial who brought the matter to their attention. So it is not necessary for us to determine whether the Essex Council had any authority or not to instigate the proceedings.

The order of the Civil Service Commission is affirmed, and the writ will be dismissed, with costs.